# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RON BUSSANMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-14-0327-HE |
| | ) | |
| MIKE SNIDER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Ron Bussanmas, appearing *pro se*, filed this action against defendant Mike Snider to collect an allegedly unpaid debt. Consistent with 28 U.S.C. § 636(b)(1)(B), plaintiff's motions for *in forma pauperis* status were referred to Magistrate Judge Suzanne Mitchell for consideration. Judge Mitchell has issued a Report and Recommendation recommending that plaintiff's motions to proceed *in forma pauperis* be denied and that plaintiff be ordered to prepay the full $400 filing fee. Objections to the magistrate judge's Report and Recommendation were due by July 2, 2014. No objection was filed.

Plaintiff, having failed to object to the Report and Recommendation, has waived his right to review of the factual and legal issues it addressed. United States v. 2121 E. 30th St., 73 F.3d 1057, 1059 (10th Cir. 1996); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Accordingly, the Report and Recommendation [Doc. #5] is **ADOPTED**, and plaintiff's motions for leave to proceed *in forma pauperis* [Doc. Nos. 2 & 4] are **DENIED**. Plaintiff is **ORDERED** to pay the $400 filing fee by **August 6, 2014**, or his complaint will be

dismissed without prejudice.

It is doubtful whether subject matter jurisdiction exists in this case in any event. The complaint does not make clear the basis for federal jurisdiction, but is apparently intended to be based on diversity jurisdiction. However, neither the complaint nor the cover sheet [Doc. #1-1] identify the state of residence of the defendant. Further, it appears the amount sought by plaintiff is either $31,200 or $3,200 (the handwritten complaint is unclear). However, either amount is less than the $75,000 at issue necessary to federal diversity jurisdiction. *See* 28 U.S.C. § 1332. Therefore, if plaintiff elects to pay the full filing fee by August 6, 2014, he shall, in addition, show cause by that date why his complaint should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also* Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1988) ("If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*.") (quoting Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)).

**IT IS SO ORDERED**.

Dated this 17th day of July, 2014.

JOE HEATON
UNITED STATES DISTRICT JUDGE